IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV26-1-V
3:02CR161-V

| | |
|---|---|
| CONSUEGO SHINE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Respondent's Motion to Dismiss (Doc. No. 5), filed March 5, 2007.

On March 9, 2007, this Court sent Petitioner an Order in compliance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). In this Order the Court notified Petitioner that Respondent had filed a Motion to Dismiss and that if Petitioner failed to respond to this motion within thirty days, the Court might grant the Motion to Dismiss. On March 29, 2007, Petitioner requested an extension of ninety days to respond to Respondent's Motion to Dismiss. This Court granted Petitioner the requested extension and her response deadline was moved to July 9, 2007. On July 10, 2007, this Court received another request for an extension from Petitioner. This Court then extended Petitioner's response deadline to August 31, 2007. Despite being granted lengthy extensions, as of the date of this Order, Petitioner has failed to respond to the Respondent's Motion to Dismiss.

Petitioner was one of two individuals indicted on May 10, 2002, for violations of 21

U.S.C. §§ 841(a)(1)and (b) and 18 U.S.C. §§ 922(g), 924(c), and 2. On January 17, 2003, Petitioner entered a straight-up guilty plea. On August 22, 2003, this Court granted Petitioner's Motion to Withdraw her guilty plea. On September 29, 2004, after a two day trial, a jury convicted Petitioner on both counts. On January 24, 2005, this Court sentenced Petitioner to 78 months imprisonment on Count One and a consecutive sentence of 60 months imprisonment on Count Two.

Petitioner filed a direct appeal with the United States Court of Appeals for the Fourth Circuit. In her appeal she argued that the district court erred when it denied her motion for judgment of acquittal based on insufficiency of evidence to support the firearm conviction. On January 10, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. Shine, No. 05-4353 (4th Cir. January 30, 2006). On January 19, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence.

In her Motion to Vacate, Petitioner's first three claims are essentially arguments that insufficient evidence existed to convict her of the drug and gun charges. Petitioner also raises the issue that her sentence was unreasonable for a first time offender. In addition, Petitioner alleges that her rights were violated when the undersigned briefly spoke to members of the jury outside of the courtroom.

As the Government points out in its Motion to Dismiss, Petitioner's allegations that insufficient evidence existed to convict her was an issue that was raised on appeal and decided adversely to her. The Fourth Circuit ruled that "[a]fter thoroughly reviewing the parties' arguments and the materials submitted in the joint appendix, we find sufficient evidence to support the jury's conviction. Accordingly we affirm [Petitioner's] convictions and sentence." It

is well-settled that issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action. See Boechenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).[1]

Petitioner also alleges in her Motion to Vacate that her sentence was unreasonable because she was a first time offender for a drug violation.[2] Petitioner argues that her sentence was disproportionate because she had never previously been convicted of a drug crime and because she has six little boys.

Petitioner did not raise this claim on direct review. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Petitioner does not allege any basis for finding that cause and prejudice exist to excuse her procedural default.[3] Accordingly, her failure to raise this claim on direct review has resulted in it being procedurally defaulted. Id. Moreover, the Court notes that Petitioner's claim is meritless. See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006)(a sentence imposed within the properly calculated guideline is presumptively reasonable).

Finally, Petitioner alleges in her Motion to Vacate that the undersigned spoke with certain

---

[1] Even if it were concluded that the Fourth Circuit did not rule that sufficient evidence existed to support Petitioner's conviction for the drug violation, then that claim would be procedurally barred because she did not raise the issue on direct appeal. Moreover, for the reasons set forth in Respondent's brief, a review of the record supports the conclusion that sufficient evidence did indeed exist.

[2] Petitioner's pre-sentence report reveal that she had previously been convicted in state court for simple assault; simple worthless check; and larceny. (PSR ¶¶ 31-33). Petitioner also had numerous charges which were dismissed. (PSR ¶¶ 42-47).

[3] Although she does so for other claims, Petitioner does not provide any explanation whatsoever as to why this claim was not raised on direct appeal.

members of the jury which prejudiced her from receiving a fair trial. Again, for the reasons set forth above, this claim, which was not raised on direct appeal, is procedurally defaulted.[4] Moreover, as set forth on the record, the undersigned notified both parties that he had remarked to two jurors who were discussing sports photography on the elevator that "there were many sports fans in Charlotte." Neither party filed any objection or requested a hearing on the matter. As Respondent argues, an innocuous comment by a judge may be harmless error. See Rushen v. Spain, 464 U.S. 114, 118 (1983). Petitioner fails to provide any way in which this comment specifically affected her trial. Petitioner's claim is meritless.

The Court has carefully reviewed the Motion to Dismiss and for the reasons set forth therein and in this Order, finds that the Respondent is entitled to a dismissal.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss is **GRANTED;** and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: October 11, 2007

Richard L. Voorhees
United States District Judge

---

[4] In her Motion to Vacate, Petitioner asserts that she did not raise this issue on direct appeal because she thought that as it was a part of the record it would be identified as unfair and prejudicial by the Fourth Circuit. Such explanation does not establish cause and prejudice so as to excuse procedural default.